UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANTHONY MADDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-00291-JRG-DCP |
| | ) | |
| TONY PARKER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This pro se prisoner's complaint for violation of 42 U.S.C. 1983 is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

## I.     SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.    ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on October 30, 2017, he was transported by bus to the Bledsoe County Correctional Complex ("BCCX"), where, upon arrival, he was shackled at his waist and ankles [Doc. 2 at 3-4]. Plaintiff claims that he is handicapped and requires the use of a cane to walk, but that on this occasion, he was forced to step down out of the bus without a cane or officer assistance, despite officers' knowledge of his disabilities [*Id*. at 4]. Plaintiff asserts that he lost his balance and fell face-first onto the pavement, causing him to suffer extensive cuts, abrasions, and breaking his glasses and false teeth [*Id*.]. Plaintiff maintains that while he was taken to a doctor, he was denied any pain medication, and he has been denied new glasses or dentures [*Id*.]. As a result of the fall, he claims, he suffers lingering health issues, and he has been unable to properly eat or drink due to the denial of a new set of dentures [*Id*. at 4-5].

## III.    ANALYSIS

As a preliminary matter, the Court notes that there is nothing in Plaintiff's complaint that would allow the Court to plausibly infer that Defendant Tony Parker was personally involved in the decision to transport Plaintiff in shackles or to deny him assistance in getting off the transport van. Additionally, there is nothing in Plaintiff's complaint that would allow the Court to infer that Defendant Parker was personally involved in Plaintiff's medical treatment and/or decisions regarding the replacement of his dentures and glasses. Accordingly, Plaintiff cannot sustain a claim against Defendant Parker, and he will be **DISMISSED**. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were

personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

The Court notes that Plaintiff may, however, be able to state a claim against the transport officers and medical personnel, provided that he can identify the persons involved. Accordingly, the Court will allow the Plaintiff an opportunity to file an amended complaint identifying the responsible parties.

## IV.    CONCLUSION

For the reasons set forth above:

1. Plaintiff's has failed to state a claim against Defendant Tony Parker, and he is **DISMISSED** from this action;

2. Within twenty (20) days of entry of this order, Plaintiff is **ORDERED** to file an amended complaint identifying the officers involved in his transport to BCCX and/or the medical personnel involved in denying Plaintiff pain medication, glasses, and dentures;

3. Plaintiff is **NOTIFIED** that failure to timely comply with this order may result in dismissal of this action for want of prosecution and/or failure to follow Court orders; and

4. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE