UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANTHONY MADDING, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:18-CV-00291-JRG-DCP |
| TONY PARKER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se prisoner's amended complaint for violation of 42 U.S.C. 1983 [Doc. 10].

## I. BACKGROUND FACTS

In his original complaint, Plaintiff alleged that correctional officials and medical personnel at the Bledsoe County Correctional Complex ("BCCX") deliberately failed to accommodate his disabilities when removing him from a transport van on October 30, 2017, which caused him injuries that the medical staff later failed to adequately treat [Doc. 2].

On July 22, 2019, the Court screened Plaintiff's complaint in accordance with the Prison Litigation Reform Act and determined that Plaintiff might be able to state a claim against BCCX officers and medical staff, provided he could identify the individual officers who denied him assistance getting off of the transport van, and the personnel who later denied him medical attention [*See* Doc. 6 at 2-3]. The Court ordered Plaintiff to file an amended complaint identifying the allegedly responsible parties [*Id*. at 3]. Plaintiff has now filed an amended complaint naming prior BCCX Wardens Doug Cook and Darren Settles as Defendants, along with various other John/Jane Doe Defendants that Plaintiff has been unable to properly identify [*See* Doc. 10 at 3].

## II.    DISCUSSION

Plaintiff claims that former BCCX wardens Darren Settles and Doug Cook are responsible parties in this action, as they "wrote and approved the protocols for employees to follow" [Doc. 10 at 5]. However, there is nothing in Plaintiff's original or amended complaint to suggest that his alleged injuries occurred during the execution of some BCCX protocol. Moreover, there is nothing in the complaint that would allow the Court to infer that either of these Defendants were personally involved in the events giving rise to this lawsuit. Accordingly, Plaintiff cannot sustain his action against Defendant Settles or Defendant Cook, and they will be **DISMISSED**. *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A (requiring district court to *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune).

However, this determination leaves Plaintiff without an identified Defendant from whom to seek discovery of identities of the John and Jane Doe Defendants. After reviewing the information requests attached to Plaintiff's amended complaint, the Court is persuaded that Plaintiff will not be able to identify the allegedly responsible parties absent limited assistance from the Court. Therefore, the Court will **DIRECT** the Clerk to send a copy of this order to the current warden of BCCX, Warden Kenneth D. Hutchison, who will be **ORDERED** to review all logs, transport orders, incident reports, medical documentation, and/or any other records created in response to events involving Plaintiff on October 30, 2017 and thereafter provide the Court with the names of all personnel involved in Plaintiff's transport and/or medical care on that date. Warden Hutchison should file this information with the Court within thirty (30) days after entry

of this order or file notice as to why he could not comply with this order. Upon receipt of Warden Hutchison's filing, the Clerk will be **DIRECTED** to forward the information to Plaintiff.

IV. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's has failed to state a claim against Defendants Darren Settles and Doug Cook, and they are **DISMISSED** from this action;

2. The Clerk is **DIRECTED** to send a copy of this order to the current warden of BCCX, Warden Kenneth D. Hutchison. Further, Warden Hutchison is **ORDERED** to review all logs, transport orders, incident reports, medical documentation, and/or any other records involving Plaintiff and thereafter provide the Court with the names of all personnel involved in Plaintiff's transport and/or medical care on October 30, 2017. Warden Hutchison is **ORDERED** to file this information with the Court within thirty (30) days after entry of this order or file notice as to why he could not comply with the order;

3. Upon receipt of the information filed by Warden Hutchison, the Clerk is **DIRECTED** to forward a copy of the filing to Plaintiff; and

4. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE