UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANTHONY MADDING, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:18-CV-00291-JRG-DCP |
|  | ) |  |
| SGT. KRISTOPHER PHILLIPS *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Madding is a prisoner proceeding pro se on a second amended complaint for violation of 42 U.S.C. § 1983 [Doc. 13]. Plaintiff's second amended complaint is before the Court for screening under the Prison Litigation Reform Act ("PLRA").

### I. BACKGROUND FACTS

In his original complaint, Plaintiff alleged that correctional officials and medical personnel at the Bledsoe County Correctional Complex ("BCCX") deliberately failed to accommodate his disabilities when removing him from a transport van on October 30, 2017, which caused him injuries that the medical staff later failed to adequately treat [Doc. 2]. The Court allowed Plaintiff an opportunity to amend his complaint to identify the individual officers and medical personnel involved [Doc. 6]. Plaintiff was unable to identify the allegedly responsible parties, however, and the Court subsequently entered an order directing BCCX Warden Kenneth D. Hutchinson to provide the Court with the names of all personnel involved in Plaintiff's transport and/or medical care on October 30, 2017 [Doc. 11]. Warden Hutchinson complied with the Court's order on November 26, 2019, and on the same date, the information was mailed to Plaintiff [Doc. 12]. On December 16, 2019, Plaintiff filed this third amended complaint seeking to add the identified

transporting officers and medical care providers, along with Cpl. Rick Bedsole, as Defendants in this lawsuit [Doc. 13].

## II.     SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## III. DISCUSSION

The Court, giving liberal construction to Plaintiff's allegations in the three pleadings filed in this matter, finds that Plaintiff has plausibly stated a claim against the transport officers and medical care providers with whom he came into contact on October 30, 2017. Therefore, Plaintiff's allegations shall **PROCEED** against Sgt. Kristopher Phillips, Cp. Michael Blankenship, Cpl. Stephen Amsden, Cpl. Rick Bedsole, Dr. T. Guettner, Aundria Davis, Lanita Gann, and Shannon Campbell.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's claims against Sgt. Kristopher Phillips, Cpl. Michael Blankenship, Cpl. Stephen Amsden, Cpl. Rick Bedsole, Dr. T. Guettner, LPN Aundria Davis, Nurse Practitioner Lanita Gann, and LPN Shannon Campbell shall **PROCEED**;

2. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Sgt. Kristopher Phillips, Cpl. Michael Blankenship, Cpl. Stephen Amsden, Cpl. Rick Bedsole, Dr. T. Guettner, LPN Aundria Davis, Nurse Practitioner Lanita Gann, and LPN Shannon Campbell;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Federal Rule of Civil Procedure 4;

4. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

5. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

6. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13.

Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
