UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANTHONY MADDING, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:18-CV-00291-JRG-DCP |
|  | ) |  |
| SGT. KRISTOPHER PHILLIPS et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Defendants Rick Bedsole, Michael Blakenship, Aundrina Davis, and Kristopher Phillips ("Defendants"), have filed a motion to dismiss this action for Plaintiff's failure to prosecute [Doc. 39]. Plaintiff has failed to respond to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1.

### I. RELEVANT PROCEDURAL HISTORY

Plaintiff has not filed anything in this cause since he returned service packets to the Court on or about January 21, 2020 [Doc. 17]. It appears from the public website of the Tennessee Department of Correction ("TDOC") that Plaintiff's sentence expired in August 2020, and he was thereafter released from TDOC custody. *See* Tenn. Dep't of Corr., "Felony Offender Information," at https://apps.tn.gov/foil-app/search.jsp (search by name) (last visited March 16, 2021). On multiple occasions, this Court explicitly ordered Plaintiff to update the Court and Defendants within fourteen days of any change of address [*See* Doc. 5 at 2; Doc. 6 at 3; Doc. 11 at 3; Doc. 15 at 1-2; Doc. 16 at 3-4; Doc. 35 at 2; Doc. 38 at 3]. *See also* E.D. Tenn. L.R. 83.13. Despite this warning, Plaintiff has failed to file a change of address with the Court. Moreover, as Plaintiff did not provide the Court with a permanent home address when he filed his complaint or

his amended complaints, neither the Court nor Defendants have a means within which to contact Plaintiff [*See* Doc. 2 at 3; Doc. 10 at 3; Doc. 13 at 6].

**II.     DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure provides that dismissal is an appropriate sanction for failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b). Under Rule 41(b), the Court considers four factors when considering dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Hartsfield v. United Parcel Serv., Inc.*, No. 4:18-cv-69, 2020 WL 1539337, at *2 (E.D. Tenn. Mar. 2, 2020) (quoting *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019)).

The Court finds that Plaintiff's failure to respond to or comply with the Court's previous orders is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff willfully disobeyed this Court's orders and local rules by failing to update his address. Plaintiff's failure has prejudiced Defendants, who have expended time and resources answering Plaintiff's complaints. Additionally, Plaintiff was explicitly warned that failure to update his address could result in the dismissal of his case. Finally, no lesser sanction is appropriate, as Plaintiff has disregarded the Court's warnings, and the Court has no means with which to contact Plaintiff.

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's orders, and

Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b). Accordingly, on balance, the Court finds that these factors weigh in favor of dismissal of this action.

### III. CONCLUSION

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action. Therefore, Defendants' motion [Doc. 39] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. Any pending motions will be **DISMISSED** as moot. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE